UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUN 10 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HOLLY BAYES,

Plaintiff-Appellee,

v.

STATE FARM GENERAL INSURANCE COMPANY, an Illinois Corporation,

Defendant-Appellant.

No. 17-56035

D.C. No.
2:16-cv-03525-RGK-AGR

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted December 6, 2018
Pasadena, California

Before: RAWLINSON and BEA, Circuit Judges, and RICE,** Chief District Judge.

Appellee Holly Bayes[1] is the mother of a child molested by Cooper Potter.

Cooper's mother, Susan Potter, operated a small child-care facility in her Ventura,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Thomas O. Rice, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

[1] Acting in the capacity as guardian ad litem and mother of Jane Doe.

1

California rental home where she and her son lived. Ms. Potter, however, would periodically leave her home, leaving the children unsupervised and alone with her adult son Cooper. Cooper went to prison; Susan has closed her business.

Susan and Cooper Potter were insured under a Renters Policy issued by Appellant State Farm. Susan purchased a Child Care Liability Endorsement that extended to cover "bodily injury, property damage, and medical expense coverages arising out of child care services" provided by an insured from the premises. The Endorsement included a "Sexual Molestation Exclusion" which stated:

> **Sexual Molestation Exclusion.** We do not cover bodily injury, property damage, or medical expense arising out of or resulting from the actual, alleged or threatened sexual molestation of a minor by:
>    a. any insured;
>
> * * *
>
> We have no duty to defend or settle any sexual molestation claim or suit against any insured. . .

Holly Bayes filed a civil complaint against Cooper and Susan Potter in state court. The complaint alleged only a single cause of action against Susan on the theory that Susan's negligent supervision proximately caused the sexual assault. Susan Potter tendered defense of the suit to State Farm. Given the Sexual Molestation Exclusion, *inter alia*, State Farm determined there was no coverage and denied the tender. Susan Potter then entered into a settlement with Holly Bayes, conceded liability and assigned her claims against State Farm to Holly

Bayes. In exchange, Holly Bayes agreed to refrain from collecting the settlement amount from Susan Potter.

Holly Bayes then filed suit in federal court against State Farm alleging breach of contract, breach of the implied duty of good faith and fair dealing and also sought punitive damages. The district court granted summary judgment to State Farm on all claims except the breach of contract claim. The district court determined there was an "interpretive ambiguity" created by the California Supreme Court in *Minkler v. Safeco Insurance Co. of America*, 232 P.3d 612 (Cal. 2010), which prevented summary judgment for State Farm. The parties then entered into a stipulated judgment on the breach of contract claim to avoid the expense of trial and to allow an immediate appeal by State Farm on this single issue.

The resolution of this case turns on the California Supreme Court's decision in *Minkler*, so a brief explanation of that case is in order. Scott Minkler (Scott) sued David Schwartz (David) and David's mother, Betty Schwartz (Betty), alleging that David, an adult, sexually molested Scott, then a minor. The complaint alleged, among other things, that some of the acts of molestation occurred in Betty's home, and as a result of Betty's negligent supervision.

Betty was the named insured under a series of homeowners policies issued by Safeco Insurance Company of America, and David was an additional insured.

The policies' liability coverage provisions promised to defend and indemnify, within policy limits, "an" insured for personal injury or property damage arising from a covered "occurrence," but they specifically excluded coverage for injury that was "expected or intended" by "an" insured, or was the foreseeable result of "an" insured's intentional act. The California Supreme Court explained that absent contrary evidence, in a policy with multiple insureds, exclusions from coverage described with reference to the acts of "an" or "any," as opposed to "the," insured are deemed under California law to apply collectively, so that if one insured has committed acts for which coverage is excluded, the exclusion applies to all insureds with respect to the same occurrence. *Id.* at 614. A wrinkle occurred with this legal analysis because the policies contained a severability-of-interests or "separate insurance" clause providing that "[t]his insurance applies separately to each insured." Thus, the California Supreme Court formulated the question to be answered as follows: "Where a contract of liability insurance covering multiple insureds contains a severability clause, does an exclusion barring coverage for injuries arising out of the intentional acts of 'an insured' bar coverage for claims that one insured negligently failed to prevent the intentional acts of another insured?" *Id*. at 616-17.

The Court held that because the severability clause stated that "[t]his insurance" was "separately" applicable to "each insured," each person the policies

4

covered would be treated, for all policy purposes, as if he or she were the sole person covered, i.e., that in effect, each insured had an individual policy whose terms applied only to him or her. Thus, the California Supreme Court held that Betty would reasonably have expected the policies "to cover her *separately* for her *independent* acts or omissions causing such injury or damage, so long as *her* conduct did not fall within the policies' intentional acts exclusion, even if the acts of *another* insured contributing to the same injury or damage *were* intentional." *Id.* at 618 (emphasis in original). Significantly, the California Supreme Court observed that because "Betty's policies did not contain a specific exclusion for claims arising from sexual molestation . . . nothing we hold in this case concerns how an exclusion framed in those terms should be construed." *Id*. at 619.

In this case, Susan and Cooper Potter's Renters Policy expressly excluded injury or damage "arising out of or resulting from the actual, alleged or threatened sexual molestation of a minor by [] any insured . . .We have no duty to defend or settle any sexual molestation claim or suit against any insured . . ." Applying the severability-of-interests or "separate insurance" clause to each, Susan and Cooper Potter, alongside the Sexual Molestation Exclusion does not result in any ambiguity. State Farm expressly excluded coverage for this type of damage or injury, regardless of the theory for liability.

**REVERSED AND REMANDED** for Judgment in favor of State Farm.

5

*Bayes v. State Farm General Insurance, No. 17-56035*

BEA, Circuit Judge, dissenting.

Were we deciding this case on a blank slate, I would likely agree with my colleagues that the State Farm Policy's Sexual Molestation Exclusion unambiguously excludes Susan Potter from coverage for claims arising from acts of sexual molestation committed by her adult son Cooper. But this case does not come to us on a blank slate. In my view, notwithstanding the California Supreme Court's attempt to limit its holding in *Minkler v. Safeco Insurance Co.*, 232 P.3d 612 (Cal. 2010), *Minkler*'s reasoning forecloses the facile conclusion the majority reaches today. Rather than simply apply *Minkler*, however, I would certify the question presented to the California Supreme Court.

State Farm's insurance contract includes a severability clause stating that "[t]his insurance" is "separately" applicable to "each insured." In light of the severability clause, must the Policy's exclusions be applied separately to each insured, i.e., "as if he or she were the *only* insured" under the Policy? *See Minkler*, 232 P.3d at 618 (emphasis added). If so, Susan Potter cannot be barred from coverage under the Sexual Molestation Exclusion for Cooper's acts. Treated "as if . . . she were the only insured," Susan's conduct does not implicate the exclusion barring coverage for claims arising from "sexual molestation of a minor by . . . any insured."

1

The insurance contract in *Minkler* contained an identical severability clause. And *Minkler* held that the severability clause requires courts to apply "all provisions of the policies"—including Policy exclusions—to each insured "as if he or she were the only insured." *Id.* Accordingly, on virtually identical facts to the present action, the California Supreme Court held that a coverage exclusion for intentional acts did not bar coverage to one insured for claims arising out of acts of sexual molestation committed by another insured. A faithful application of *Minkler*'s reasoning would seem to compel the same conclusion here.

Now, *Minkler* did purport to limit its holding to its "specific circumstances," *id.* at 621 n.5, and to say "nothing" about how a case involving a sexual molestation (rather than an intentional acts) exclusion should be decided. But limitation language may well not produce law. "[T]he rationale that carries the force of precedent is that 'without which the judgment in the case could not have been given'"—not what the court happens to say. BRYAN GARNER ET AL., THE LAW OF JUDICIAL PRECEDENT 84 (2016). And *Minkler*'s reasoning turned not on the wording of the relevant exclusion, but on its conclusion that the phrase "[t]his insurance" in an identically-worded severability clause covers "*all* provisions of the policies," including exclusions. On the majority's view, when an insurance contract includes an intentional acts exclusion, the phrase "this insurance" in a severability clause means all policy provisions. *See Minkler*, 232 P.3d at 618. Yet

2

when the contract includes a sexual molestation exclusion, the phrase "this insurance" magically takes on a different meaning—and, apparently, no longer applies to the contract's exclusions. That cannot be right.

I recognize it would be odd to reach a result seemingly compelled by the reasoning of a case that carefully stated it was saying "nothing" about this very circumstance. But neither the majority nor any other court to consider the same question has explained how a contrary result can be squared with *Minkler*'s basic premise: A severability clause requires us to apply the Policy's exclusions to each insured as if she were the only insured. *See, e.g.*, **Maj. Op. at 4-5** (declaring contract unambiguous without explanation); *RLI Insurance Co. v. Romero*, 10 2017 WL 3579549, C.D. Cal. (July 10, 2017) (same); *Safeco Insurance Co. v. Thomas*, 11 2013 WL 12123852, S.D. Cal. (Nov. 26, 2013) (same).

In the face of conflicting federal district court decisions and a quandary caused by the California Supreme Court's opinion, I would have certified the question to the state court to clear it up. If *Minkler* is merely, as it purports to be, a "restricted railroad ticket, good for this day and train only," *County of Washington v. Gunther*, 452 U.S. 161, 182 (1981) (Rehnquist, J., dissenting), then it has done little to clarify this commonly litigated area of law. Because I think certification the more prudent course, I respectfully dissent.

3